Jeanie Marie HENDRICKS, Appellant,

v.

Ronald Wayne HENDRICKS, Respondent.

No. 53610.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 8, 1988.

Rex M. Burlison, O'Fallon, for appellant.

Charles Huber, St. Ann, for respondent.

SMITH, Presiding Judge.

Wife appeals from a judgment in a dissolution proceeding. She challenges the distribution of marital property, the failure to award her attorney's fees, and the refusal of the trial court to award her some maintenance, even a nominal amount.

The marital property was limited in amount. The trial court made an evaluation of three of the assets, comprising the bulk of the assets. The remaining assets were of limited or no value or were distributed in an off-setting manner and we need not consider them further. The husband received the marital home, valued by the court at $31,400, and his pension account, valued by the court at $6,300. The evidence supported both valuations. Wife received the proceeds due from the sale of a maritally owned video rental business, valued by the court at $20,672. To offset the difference between these awards the court awarded the wife $8,500 to be paid by the husband. Based upon the court's calculations the husband received $29,200 of these marital assets and wife $29,172. In its conclusions of law the court specifically stated that in determining the amount of the cash award, "the court is dividing the marital property into approximately equal shares."

■ In determining the value of the proceeds of the sale of the video business, the court utilized the total amount due under a promissory note payable over a 36 month period which total amount included interest at 18%. In so doing the court erroneously evaluated that asset. The original principal of that asset was $15,500. One monthly payment plus a $500 earnest money deposit had been paid on the principal. The interest included in that one payment was marital property, but its amount is not established in the record. Its approximate amount would be $200. The remaining interest is for the use of wife's money after it has ceased being marital property. It is not a marital asset and should not have been included in making the marital property division.

■ As properly calculated the total of these three assets is $53,200 plus the one interest payment received or approximately $53,400. An equal division of the property, which the trial court was seeking, would have been $26,700 to each party. Taking into account that wife has received approximately $200 of interest, the amount of the cash award to her should be increased by $2,500 to $11,000 to achieve the equal distribution sought by the trial court.

The remaining issues raised by the wife present no questions of jurisprudential interest, and the decree of the court as to those issues is fully supported by the evidence. As to those issues we affirm pursuant to Rule 84.16(b).

The judgment of the trial court is modified to provide that the additional share of marital property the husband shall pay to the wife is $11,000 rather than $8,500, and as modified the decree is affirmed.

STEPHAN and SATZ, JJ., concur.